**VIRGINIA:**

### IN THE CIRCUIT COURT FOR THE COUNTY OF WYTHE

JOHMAL W. MOORE,

        Plaintiff,

v.                                     Civil Action No.: _____

ADRIAN B. BENNETT,

    Serve:      c/o Commonwealth of Virginia
                   Department of Motor Vehicles
                   Customer Records Work Center
                   2300 West Broad Street
                   Richmond, Virginia 23269

ARKA EXPRESS, INC.

    Serve:      c/o Secretary of the Commonwealth
                   Service of Process Department
                   1111 East Broad Street
                   Richmond, Virginia 23219

    Serve Also: c/o Robert B. Walker, Process Agent
                   Process Agent Service Company, Inc.
                   709 Old Hurnt Way
                   Herndon, Virginia 20170

```
VALIDATE CASE PAPERS
RCPT : 23000005696
DATE : 07/13/2023 TIME: 09:42
CASE : 197CL23000964-00
ACCT : MOORE, JOHMAL W
AMT. : $344.00
```

**BJT EXPRESS, INC.,**
**d/b/a BULLPEN EXPRESS, INC.,**

    Serve:      c/o Secretary of the Commonwealth
                   Service of Process Department
                   1111 East Broad Street
                   Richmond, Virginia 23219

    Serve Also: c/o April D.M. Walker, Process Agent
                   Interstate Commerce Authority, Inc.
                   18205 Kilmber Lane #202
                   Triangle, Virginia 22172

and

**EXHIBIT 1**

**SL VENTURE GROUP, INC.,**
**d/b/a SPIDER LOGISTICS,**

       **Serve:**      c/o Secretary of the Commonwealth
                        Service of Process Department
                        1111 East Broad Street
                        Richmond, Virginia 23219

       **Serve Also:**  c/o Robert B. Walker, Process Agent
                        MCSA Compliance Consultants, LLC
                        709 Old Hurnt Way
                        Herndon, Virginia 20170

                                 **Defendants.**

## COMPLAINT

COMES NOW the Plaintiff, Johmal W. Moore, by and through undersigned counsel, and for his Complaint against the Defendants, Adrian B. Bennett; Arka Express, Inc.; BJT Express, Inc., d/b/a Bullpen Express, Inc.; and SL Venture Group, Inc., d/b/a Spider Logistics, jointly and severally, pleads the following:

1.     Plaintiff, Johmal W. Moore (hereinafter "Plaintiff") is an adult individual and, at all times relevant to this action, a resident and domiciliary of the State of Louisiana.

2.     Defendant Bennett (hereinafter "Defendant Bennett"), upon information and belief, is an adult individual and, at all times relevant to this action, a resident and domiciliary of the State of Georgia.

3.     Defendant Arka Express, Inc. (hereinafter "Arka Express"), upon information and belief, is a stock corporation that is not authorized to conduct business in the Commonwealth of Virginia and does not have a registered agent or principal within the Commonwealth of Virginia. Under Virginia Code §§ 8.01-310 and 329, service upon Arka Express may be perfected through the Secretary of the Commonwealth.

4.      Defendant BJT Express, Inc. d/b/a Bullpen Express, Inc. (hereinafter "BJT Express"), upon information and belief, is a stock corporation that is not authorized to conduct business in the Commonwealth of Virginia and does not have a registered agent or principal within the Commonwealth of Virginia. Under Virginia Code §§ 8.01-310 and 329, service upon Defendant BJT Express may be perfected through the Secretary of the Commonwealth.

5.      Defendant SL Venture Group, Inc. d/b/a Spider Logistics ("Spider Logistics"), upon information and belief, is a stock corporation that is not authorized to conduct business in the Commonwealth of Virginia and does not have a registered agent or principal within the Commonwealth of Virginia. Under Virginia Code §§ 8.01-310 and 329, service upon Defendant Spider Logistics, may be perfected through the Secretary of the Commonwealth.

## VENUE

6.      Plaintiff incorporates the above stated paragraphs by reference.

7.      This case arises from a motor vehicle collision that occurred in the County of Wythe.

8.      Venue is proper in this Honorable Court under Virginia Code § 8.01-262(4).

## FACTS

9.      Plaintiff incorporates the above stated paragraphs by reference.

10.     The collision at issue took place on or about September 14, 2021, in the parking lot of a Flying J truck stop in Wythe County, Virginia.

11.     Prior to the collision Plaintiff was occupying the top-most of two bunk beds located in the cabin of a 2020 Freightliner Cascadia that was properly parked in a space designated for tractor-trailers.

12.     At the same time, Defendant Bennett was operating a 2018 tractor-trailer, Florida license plate number P925814, in the parking lot of the Flying J truck stop.

13.     Defendant Bennett attempted to back his tractor-trailer into the parking space immediately to the left of the Freightliner tractor-trailer occupied by the Plaintiff.

14.     While Defendant Bennett was trying to back in his tractor-trailer, he collided with the driver's side of the Freightliner cab in which Plaintiff was occupying the top bunk.

15.     The force of the impact threw Plaintiff out of the bunk and onto the floor of the cab, several feet below.

16.     As a result of the collision, the Plaintiff was injured.

17.     Upon information and belief, at all times relevant to this action Defendant Bennett was employed by Arka Express, Inc., and was operating the 2018 tractor-trailer within the course and scope of his employment with Arka Express.

18.     Upon information and belief, at all times relevant to this action, Defendant Bennett was employed by BJT Express, Inc. d/b/a Bullpen Express, Inc., and was operating the 2018 tractor-trailer within the course and scope of his employment with BJT Express.

19.     Upon information and belief, at all times relevant to this action, Defendant Bennett was employed by SL Venture Group, Inc. d/b/a/ Spider Logistics, and was operating the 2018 tractor-trailer within the course and scope of his employment with Spider Logistics.

## **CLAIM FOR RELIEF**

#### NEGLIGENCE

20.     Plaintiff incorporates the above-stated paragraphs by reference.

21.     On the date of the subject collision, Defendant Bennett owed duties to Plaintiff to:

   a. Maintain a proper lookout;

    b. Give full time and attention to the operation of his vehicle;

    c. Maintain his vehicle under proper control; and

    d. Otherwise use reasonable care in driving, giving due regard to all surrounding circumstances, persons, vehicles, and traffic laws.

22.    Defendant Bennett was negligent in causing the subject collision by:

    a. Failing to maintain a proper lookout;

    b. Failing to give full time and attention to the operation of his vehicle;

    c. Failing to maintain his vehicle under proper control; and

    d. Failing to use reasonable care in driving, giving due regard to all surrounding circumstances, persons, vehicles, and traffic laws.

23.    At all times relevant to this action, upon information and belief, Defendant Bennett was an employee of Arka Express and was operating the 2018 tractor-trailer within the course and scope of such employment.

24.    Upon information and belief, Arka Express gave actual express or implied authority to Defendant Bennett to operate the vehicle.

25.    Upon information and belief, Arka Express gave the keys to Defendant Bennett to operate the vehicle on or about the date of the subject collision.

26.    Upon information and belief, at all times relevant to this action Defendant Bennett was acting under the direction and control, and as an agent, of Arka Express while operating the vehicle.

27.    Under the doctrine of *respondeat superior*, Defendant Arka Express, Inc., is vicariously liable for the negligent, careless, and reckless acts of Defendant Bennett as described in this Complaint.

28. At all times relevant to this action, upon information and belief, Defendant Bennett was an employee of BJT Express and was operating the 2018 tractor-trailer within the course and scope of such employment.

29. Upon information and belief, BJT Express gave actual express or implied authority to Defendant Bennett to operate the vehicle.

30. Upon information and belief, BJT Express gave the keys to Defendant Bennett to operate the vehicle on or about the date of the subject collision.

31. Upon information and belief, at all times relevant to this action Defendant Bennett was acting under the direction and control, and as an agent, of BJT Express while operating the vehicle.

32. Under the doctrine of *respondeat superior*, Defendant BJT Express, Inc. d/b/a Bullpen Express, Inc., is vicariously liable for the negligent, careless, and reckless acts of Defendant Bennett as described in this Complaint.

33. At all times relevant to this action, upon information and belief, Defendant Bennett was an employee of Spider Logistics and was operating the 2018 tractor-trailer within the course and scope of such employment.

34. Upon information and belief, Spider Logistics gave actual express or implied authority to Defendant Bennett to operate the vehicle.

35. Upon information and belief, Spider Logistics gave the keys to Defendant Bennett to operate the vehicle on or about the date of the subject collision.

36. Upon information and belief, at all times relevant to this action Defendant Bennett was acting under the direction and control, and as an agent, of Spider Logistics while operating the vehicle.

37.     Under the doctrine of *respondeat superior*, Defendant SL Venture Group, Inc. d/b/a Spider Logistics, is vicariously liable for the negligent, careless, and reckless acts of Defendant Bennett as described in this Complaint.

38.     As a direct and proximate result of Defendant Bennett's negligence, Plaintiff was injured and suffered the following damages: physical pain and mental anguish, past, present, and that which he may be reasonably expected to suffer in the future; inconvenience, past, present, and that which he may reasonably be expected to suffer in the future; medical expenses, past, present, and those which he may be reasonably expected to suffer in the future; lost earnings and loss of earning capacity, past, present, and that which he may be reasonably expected to suffer in the future; and has otherwise been damaged.

WHEREFORE, the Plaintiff, Johmal W. Moore, respectfully prays for judgment against the Defendants, Adrian B. Bennett; Arka Express, Inc.; BJT Express, Inc. d/b/a Bullpen Express, Inc.; and SL Venture Group, Inc. d/b/a Spider Logistics, jointly and severally, in the sum of ONE MILLION DOLLARS ($1,000,000.00) and interest from the date of this incident in accordance with Virginia Code § 8.01-382 and all other costs and relief this Honorable Court deems fair and just.

**TRIAL BY JURY IS DEMANDED.**

[THIS SPACE PURPOSELY LEFT BLANK]

**JOHMAL W. MOORE**

By: _____
Counsel

Gianni A. Puglielli (VSB No. 97715)
Frank H. Hupfl, III (VSB No. 82972)
**Geoff McDonald & Associates, P.C.**
8720 Stony Point Parkway, Suite 250
Richmond, Virginia, 23235
Phone: (804) 888-8888
Fax:    (804) 359-5426
Email: gpuglielli@mcdonaldinjurylaw.com
Email: fhupfl@mcdonaldinjurylaw.com
*Counsel for Plaintiff*

8